Michael SCARBOROUGH,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0109–CR–387.

Court of Appeals of Indiana.

June 28, 2002.

Katherine A. Cornelius, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

In this interlocutory appeal, Michael Scarborough challenges the denial of his motion to suppress evidence.

We affirm.

The facts favorable to the ruling are that sometime between 9 a.m. and 10 a.m. on May 25, 2001, Carold Butrum was taking a shower at his house when he heard a noise. He got out of the shower to investigate and went into the kitchen. When he looked around the refrigerator, he saw Scarborough at the back window. Butrum had known Scarborough for at least fifteen years, and Scarborough was the father of Butrum's grandchildren. Butrum returned to his room to get dressed. While he was getting dressed, he heard another noise and called 911. While he was on the phone talking to the 911 operator, he twice

heard the sound of glass breaking. The 911 operator told him to stay on the line.

Officers Aaron Tevebaugh and Christopher Caplin of the Indianapolis Police Department responded to the disturbance call at Butrum's residence. The officers had been notified that the homeowner had heard someone break his kitchen windows. They had also been notified that Scarborough was a suspect. Officer Tevebaugh, who was familiar with Scarborough, approached Butrum's house from an alley that ran behind Butrum's residence. When he was still several houses away from Butrum's, Officer Tevebaugh saw Scarborough walking down the alley. The officer asked Scarborough to stop, and Scarborough complied. Scarborough appeared "very nervous" and was "shaking around a little bit." *Transcript* at 21. Scarborough asked what the problem was and Officer Tevebaugh responded that he just wanted to talk to him. While he was standing there, Scarborough had his hands in his pockets. For reasons of officer safety, Officer Tevebaugh asked Scarborough to remove his hands from his pockets. After Scarborough complied, Officer Tevebaugh observed that Scarborough's right hand was cut and bleeding, and that there was white residue on it. Officer Tevebaugh asked Scarborough if he had been to Butrum's house, and Scarborough responded that he had not.

By this time, Officer Caplin had arrived at Butrum's house. He spoke with Butrum, who related to him what had occurred. Officer Tevebaugh asked Officer Caplin to take Butrum to the location where Scarborough was being detained so that Butrum could identify Scarborough. Butrum was taken to the alley, where he identified Scarborough as the person he had seen at his kitchen window. At that point, Officer Tevebaugh handcuffed Scarborough and placed him under arrest for

criminal mischief. An evidence technician was called to the scene to take photographs of the broken window, and a jail wagon was summoned to transport Scarborough to jail. As part of standard procedure following arrest, Officer Tevebaugh searched Scarborough. In Scarborough's right front pocket, Officer Tevebaugh discovered a small, white piece of paper containing a "yellowish rock substance." *Transcript* at 24–25. From his training and experience, Officer Tevebaugh believed the substance to be crack cocaine.

Scarborough was charged with possession of cocaine as a class D felony. He filed a motion to suppress the cocaine allegedly found in his pocket on grounds that it was the product of an illegal detention and seizure. The trial court denied the motion following a hearing. At Scarborough's request, the trial court certified its ruling for interlocutory appeal. This court accepted jurisdiction of the appeal on September 25, 2001 pursuant to Ind. Appellate Rule 14(B).

Scarborough contends that the evidence should have been suppressed because his arrest was illegal under Ind.Code Ann. § 35–33–1–1 (West Supp.2000), which sets out the situations in which a law enforcement officer may effect a legal arrest. Of particular importance in this case is subsection (a)(4), which provides as follows: "A law enforcement officer may arrest a person when the officer has: ... (4) probable cause to believe the person is committing or attempting to commit a misdemeanor in the officer's presence[.]" Scarborough contends that, even assuming he broke Butrum's windows as alleged, the offense charged is a misdemeanor and it was not committed in the officers' presence. Therefore, he argues, Officer Tevebaugh did not have authority under IC § 35–33–1–1(a)(4) to arrest him, thus rendering the arrest illegal. Be-

cause the arrest was illegal, the search incident to that arrest was also illegal.

In response to Scarborough's argument, the State contended that the arrest was proper under subsection (a)(4) because, in effect, the offense was still in progress when the officers arrived. The prosecuting attorney explained his theory as follows:

> Now, admittedly, by the time the police arrived, the actual act breaking the glass had already occurred ... but, that is not where the ... and that is, from an elements points of view, the point at which the crime is complete ... but that is not the end of the crime. In this case, Mr. Scarborough is attempting to leave the scene so he can't be caught for having tried to break ... or, having, in fact successfully accomplished breaking these windows, with whatever intent he may have had at that point. The officers arrived, the testimony is, within two (2) or three (3) minutes of when Mr. Butrum made the phone call ... and he made the phone call before the glass was broken. He was on the phone when the glass was broken. So we know that the officers arrived within moments of when that happened. They found Mr. Scarborough less than a block away from where this happened, trying to leave the scene, during his escape ... in effect ... from having committed this offense and realizing that Mr. Butrum is on the phone to the police. That means that the res gestae of this offense was still, uh, in part and parcel of him leaving that scene, and because it was, that was still part of the offense, and he was still in the commission of that offense, and therefore the offense was committed in the officer's presence, and they could properly arrest him at that point, because, while the actual elements, from a legal point of view, had already been

completed, the crime itself was not yet done.

*Transcript* at 32–33. Although the trial court did not articulate its rationale for denying Scarborough's request, the aforementioned argument was the only one made at the time by the State in opposing the motion.

A trial court has broad discretion in ruling on the admissibility of evidence and we will disturb its rulings only where it is shown that the court abused that discretion. *Wilkinson v. State,* 743 N.E.2d 1267 (Ind.Ct.App.2001), *trans. denied.* We review the denial of a motion to suppress in a manner similar to other sufficiency matters. *Miles v. State,* 764 N.E.2d 237 (Ind. Ct.App.2002), *trans. denied.* We view the circumstances in their totality and, without reweighing evidence and considering conflicting evidence most favorable to the trial court's ruling, determine if there was substantial evidence of probative value to support the trial court's ruling. *Wilkinson v. State,* 743 N.E.2d 1267. "We will affirm the judgment of the trial court if it is sustainable on any legal grounds apparent in the record." *Id.* at 1269.

We presume the trial court denied Scarborough's motion on the grounds argued by the State, i.e., that the offense was still in progress when the officers arrived and therefore the arrest was legal pursuant to IC § 35–33–1–1(a)(4). We need not decide whether that determination was correct because the ruling is affirmable on other grounds supported by the record.

Subsection (a)(2) of IC § 35–33–1–1 provides that a warrantless arrest is legal if the arresting officer has "(2) probable cause to believe the person has committed or attempted to commit, or is committing or attempting to commit, a felony[.]" The State mentioned this ground at the conclusion of the suppression hearing after the trial court denied Scarborough's motion,

and after the trial court indicated that it would certify its ruling for interlocutory appeal. The State renews that argument on appeal. Scarborough contends that subsection (a)(2) is not available here because Officer Tevebaugh's stated grounds for placing Scarborough under arrest at the time of arrest was that he had committed criminal mischief, which is a misdemeanor, not a felony. We find no Indiana case that addresses this question.

 After reviewing the language employed in subsection (a)(2), we conclude that Scarborough's warrantless arrest was permissible under that provision. As set forth above, IC § 35–33–1–1(a)(2) provides that a law enforcement officer may execute a warrantless arrest if he or she has probable cause to believe the suspect has committed or attempted to commit, or is committing or attempting to commit, a felony. We note that "probable cause exists when, at the time of the arrest, the arresting officer has knowledge of facts and circumstances which would warrant a person of reasonable caution to believe that the suspect had committed a criminal act." *Ortiz v. State*, 716 N.E.2d 345, 348 (Ind.1999). The condition precedent to an arrest identified in subsection (a)(2) refers only to the facts known to the officer at the time of arrest and whether such facts give rise to probable cause to believe a felony has been committed. Conversely, and significantly, the statute does *not* identify the comments made by the arresting officer at the time of the arrest or the reasons articulated by the officer as the grounds for the arrest as relevant factors in determining the legality of the warrantless arrest. Therefore, when evaluating the legality of an arrest under IC § 35–33–1–1(a), we will not examine the comments made by the arresting officer at the time of the warrantless arrest, but instead will examine the facts known to that officer, and whether those facts satisfy the criteria set forth in any of the provisions of that statute. *Cf. Sears v. State*, 668 N.E.2d 662, 667 n. 10 (Ind.1996) ("the facts and circumstances of which the arresting officer has knowledge that provide probable cause to believe a crime has been committed need not relate to the same crime with which the defendant is ultimately charged").

Ind.Code Ann. § 35–43–2–1.5 (West 1998) provides that a person commits residential entry, a class D felony, when that person "knowingly or intentionally breaks and enters the dwelling of another person[.]" Ind.Code Ann. § 35–41–5–1 (West 1998) provides that if a person attempts to commit a crime, that attempt is a felony or misdemeanor of the same class as the crime attempted. A person "attempts" to commit an offense in this context "when, acting with the culpability required for commission of the crime, [a person] engages in conduct that constitutes a substantial step toward commission of the crime." IC § 35–41–5–1(a).

At the time of the arrest, Officer Tevebaugh knew that there had been a disturbance at a particular residence. He knew that Butrum, the owner of that residence, had called the police to report that Scarborough was in his back yard and had broken out windows at the rear of the house. Officer Caplin investigated at the scene and observed that, in the kitchen at the rear of the house, the suspect had broken out first a storm window, and then the window behind it. Officer Caplin then took Butrum outside to the alley, where Scarborough was being detained. Butrum identified Scarborough as the person he saw loitering at the rear of his house seconds before the kitchen windows were broken.

The facts known to the officers at the time would have supplied probable cause to believe that Scarborough had attempted

to break and enter into Butrum's house through the broken windows, and therefore had committed the offense of attempted residential entry. That offense is a class D felony. Therefore, pursuant to IC § 35–33–1–1, the warrantless arrest of Scarborough was legal because the arresting officers had probable cause to believe that Scarborough attempted to commit residential entry, a felony[.]" The trial court did not err in denying Scarborough's motion to suppress.

Judgment affirmed.

BROOK, C.J., and SHARPNACK, J., concur.